**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| JESUS MANUEL RIOS-QUINTERO | CIVIL ACTION NO. 26-0314 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN LA SALLE DETENTION CENTER, ET AL. | MAGISTRATE JUDGE LEBLANC |

## ORDER

Jesus Manuel Rios-Quintero ("Petitioner") has filed his second emergency motion for temporary restraining order and preliminary injunction. Record Document 13. For the following reasons, his motion is **DENIED**.

A couple years ago, a United States immigration judge entered a final order of removal for the Petitioner but deferred that removal under the regulations implementing the Convention Against Torture. Record Document 12-1 at 2. Fast forward to January 21, 2026, and the U.S. Immigration and Customs Enforcement ("ICE") re-detained the Petitioner. *Id.*

The Petitioner remained in ICE custody until July 10, 2026 when ICE removed him to Guatemala. *Id.* When he arrived in Guatemala, the Petitioner learned that Guatemalan authorities would not allow him to remain in their country either. Record Document 12-1 at 3. Guatemala then transferred custody of the Petitioner to local Mexican officials. *Id.* at 4. The Petitioner protested his planned return to Mexico, telling the Mexican authorities that an American immigration judge had deferral his removal under the Convention Against Torture. *Id.* Apparently they agreed, because

on the same day he arrived in Guatemala, the Petitioner was sent back to the United States. *Id.*

In his pending motion, the Petitioner alleges that ICE has scheduled him for removal to a different third-country, El Salvador. Record Document 12-1 at 5. The Petitioner claims that he has a credible fear of removal to that country and requested an interview, which he has not received. *Id.* So, according to the Petitioner, there is not a significant likelihood of removal to El Salvador because he cannot be removed without a credible fear interview. *Id.* at 6-7. Petitioner then argues that his continued detention is presumptively unreasonable under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 6.

Ordinarily, an unlawful alien held after a final removal order is subject to detention under 8 U.S.C. § 1231(a). Section 1231(a) provides that the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Detention may extend beyond 90 days though. *Zadvydas*, 533 at 701. The United States Supreme Court held in *Zadvydas* that the government could detain an unlawful alien for six months. *Id.* But at that point, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must either rebut that showing or release the alien. *See id.*

However, as the Respondents have argued, the Petitioner's claim that he has a credible fear of removal to El Salvador changes the basis for his detention. 8 U.S.C. § 1225(b)(1)(B)(IV) states: "An alien subject to the procedures under this clause shall

2

be detained pending a final determination of credible fear or persecution, and if found not to have such a fear, until removed." *See also* 8 C.F.R. § 235.3 ("Pending the credible fear determination by an asylum office and any review of that determination by an immigration judge, the alien shall be detained."). Because the Petitioner's claim of credible fear of removal changes the statutory basis for his detention, the Court finds that his *Zadvydas* claim is unlikely to succeed on the merits. *United States v. Abbot*, 110 F.4th 700, 706-07 (5th Cir. 2024).

**DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE